IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ACC CONSULTANTS, INC.,

    Plaintiff,

vs.                                                                                                  Civ. No. 09-1145 JP/RHS

LOGISTICS HEALTH, INC.,

    Defendant,

and

LOGISTICS HEALTH, INC.,

    Counterclaimant,

vs.

ACC CONSULTANTS, INC.,

    Counterdefendant.

## MEMORANDUM OPINION AND ORDER

On February 7, 2011, Plaintiff/Counterdefendant ACC Consultants, Inc. (ACC) filed ACC's Motion to Strike Affidavit of Suzanne Witt (Doc. No. 64-11) Filed in Support of Defendant LHI's Motion for Summary Judgment (Doc. No. 64), (Doc. No. 69) (Motion to Strike).  Ms. Witt's affidavit states that in early June 2009 the contracting officer for the California Army National Guard told Ms. Witt that Defendant/Counterclaimant Logistics Health, Inc. (LHI) was invited to submit a bid proposal for a dental services contract (the California contract).  Having considered the briefs, relevant law, and counsel's arguments at the March 3,

2011 pretrial conference,[1] the Court determines that the Motion to Strike should be denied.

ACC objects to Ms. Witt's affidavit under Fed. R. Civ. P. 37(c)(1).  Rule 37(c)(1) states that

> [i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Rule 26(a) requires the identification of witnesses in the Initial Disclosures while Rule 26(e) requires supplementation of the Initial Disclosures.  In determining if a Rule 37(c)(1) violation is substantially justified or harmless, the Court, in exercising its discretion, looks at the following factors: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness."  *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999).

ACC argues that LHI violated Rule 37(c)(1) because LHI did not disclose Ms. Witt as a witness in the Initial Disclosures or in its portion of the Joint Status Report and Provisional Discovery Plan (Doc. No. 18), and because LHI counsel directed Angela Hatch not to answer deposition questions about Ms. Witt.  Furthermore, ACC complains that Ms. Witt's affidavit provides the basis for a new defense which LHI did not disclose in its Initial Disclosures or in its portion of the Joint Status Report and Provisional Discovery Plan.  That new defense is that ACC's June 2009 bid on the California contract constituted a material breach of the parties'

---

[1]Present at the pretrial conference were Alan Wilson and Jaime McAlister, counsel for ACC; and John Jansonius and Michael Cadigan, counsel for LHI.  Also present at the pretrial conference was Jerry Berger, a corporate representative for ACC.

2009 Agreement, thereby excusing LHI from further performance of the 2009 Agreement.  ACC maintains that LHI counsel knew about Ms. Witt and the information she possessed about the California bid but nonetheless did not disclose that information to ACC.  Consequently, ACC contends that the failure to disclose Ms. Witt as a witness was not substantially justified and that the affidavit is not harmless.

LHI responds that ACC knew about the California bid invitation on October 12, 2010 when Ms. Hatch testified in her deposition that LHI was invited to bid on the California contract.  LHI also notes that its failure to disclose Ms. Witt as a witness was the result of an inadvertent oversight.  LHI contends that it did not realize that Ms. Witt was the person at LHI with personal knowledge of the bid invitation until it prepared Defendant's Motion for Summary Judgment and Memorandum in Support (Doc. No. 64) (Motion for Summary Judgment).  Moreover, Ms. Witt's testimony would be limited to the fact that LHI was invited to submit a bid on the California contract.  In addition, LHI argues ACC would not prejudiced by Ms. Witt's affidavit because "the only factual significance of Ms. Witt's affidavit concerns whether Stella Davis's communication of the bid opportunity may be characterized as an invitation–a very fine distinction that should have no bearing on LHI's Motion for Summary Judgment."  Defendant's Response to Plaintiff's Motion to Strike [DKT. 69] (Doc. No. 77) at 4, filed Feb. 24, 2011.  Next, LHI asserts that its violation of Rule 37(c)(1) can be cured by ACC deposing Ms. Wittt.  LHI also contends that because Ms. Witt's affidavit was filed almost two months prior to the trial date, there is no potential for disruption of the trial.  Finally, LHI notes that it objected to deposition testimony regarding Ms. Witt based on attorney-client privilege (Ms. Witt is corporate counsel for LHI), that ACC never challenged those objections, and that the deposition questions regarding Ms. Witt were unrelated to the non-privileged conversation Ms. Witt

testified to in her affidavit.  In sum, LHI asserts that its failure to timely disclose Ms. Witt as a witness was neither willful nor prejudicial to ACC.

      The Court agrees with most of LHI's arguments and will, therefore, deny the Motion to Strike.  The Court, however, will consider the affidavit only to the extent that is helpful in resolving the Motion for Summary Judgment.  As counsel for the parties observed at the pretrial conference, Ms. Witt's affidavit is not particularly significant to the issues raised in the Motion for Summary Judgment.

      IT IS ORDERED that ACC's Motion to Strike Affidavit of Suzanne Witt (Doc. No. 64-11) Filed in Support of Defendant LHI's Motion for Summary Judgment (Doc. No. 64), (Doc. No. 69) is denied.

                                                                                   */s/ James A. Parker*
                                      SENIOR UNITED STATES DISTRICT JUDGE